Archibald C. Wemple, J.
This order to show cause is an inquiry as to why an order should not be made that the petitioner be permitted to “ continue in possession ” of certain real property, and further, why an order should not be made directing the petitioner to take possession of the buildings located upon said premises, described in the petition, upon depositing with the court a sum to be fixed by the court. This proceeding is a corollary to a petition in condemnation wherein the petitioner sought to obtain all of the property known as the Gorga farm, owned by the defendants, consisting of about 61 acres of land and certain farm buildings located in the town of Rotterdam, Schenectady County, and the towns of Colonie and Guilderland, Albany County. The original order in condemnation dated October 15, 1957 was entered in the County Clerk’s office on October 15, 1957.
*3 The petitioner contends that it is in “ possession of all the property ’ ’ under said order but at the same time and in this application asks specific permission to take possession of that part of the area upon which the buildings are situated. The position taken by the petitioner is contradictory. The court is, therefore, unable to determine whether this relief is sought under section 23 or section 24 of the Condemnation Law.
At the time of the hearing on the original petition, on or about October 15, 1957, certain questions concerning the property were settled by stipulation. It was agreed in open court that an order in condemnation be entered appointing commissioners, correcting a description, dropping party defendants, giving petitioner a right of entry and consenting to the occupancy of the buildings and some land by the defendants over the winter. Several other matters pertaining to the taking— except the question of the total quantity necessary for the school use — were settled from time to time by stipulation after full discussion, negotiation and conference between the parties and the court. It Avas specifically stipulated that the defendant’s contention that the petitioner did not require all of the farm in question Avas an issue in fact to be tried and determined. This matter Avas referred to Mr. Harold Friedman, Referee, to hear and report back to this court. No hearings before said Referee have as yet been held.
Noav the petitioner asks to be put into possession of all the farm, including the area upon which the house and farm buildings stand and Avhich are presently occupied by the defendants. In support of its position, the petitioner alleges that there is need for occupation of all the farm in order to install an adequate drainage system and a sand filter system for the disposal and treatment of seivage of the proposed school. The petitioner argues that further delay in taking possession of all the property will affect the completion of the construction project, the housing of pupils and other related problems, such as hiring of teachers, contracts to transport children, etc. To all this the defendants, by affidavits, take positive exception.
The defendants, on the other hand, still forcefully contend that the school district does not need to acquire all of the 61 acres of the farm in question; that standards promulgated by the State Department of Education for the projected number of pupils require a much smaller total area than that which the defendants are now and have been willing to negotiate to sell to the petitioner. The petitioner is already, by consent of the defendants, in occupancy of roughly 57 acres out of the total 61 acres. The defendants, while conceding the necessity of the *4 erection of the school building on the farm, appeal to this court to preserve their home and farm buildings.
It has been aptly said that a man’s home is his castle. While need for public use for such a worthy purpose as a school or a highway serves to wipe out the concept of a “home as a castle”, it appears to this court that the application of the petitioner to take immediate possession of all of the property is prematurely sought. In the first place, the petition and answer in the condemnation proceeding should be amended and a hearing held on the vital question of whether or not the petitioner can reasonably ask for all of the 61 acres for public use as a school. When the question of quantity necessary for the public use involved has been decided, then the right, if any, of the petitioner to take possession of the land and buildings sought herein can be decided intelligently. The petitioner is not now in actual possession of the land upon which the farm buildings are located. While it is true that the defendents agreed to be bound by the order of October 15,1957 of this court, the question of quantity has been in dispute from the date of the hearing of the petition on October 15, 1957. The petitioner has graciously permitted the continued occupancy of part of the land and buildings thereon by the defendants, but now seeks to evict them. The court has even tried to fix by agreement a temporary line of demarcation during the hearing of the dispute but this offer did not meet with favor. The fact remains that this application must be considered as one to take possession of land now owned by the defendants and occupied by them.
First things must come first. While it is true that the petitioner can respond in damages for any damages sustained by the defendants, the taking, once accomplished, would, in all probability, not be revoked. Therefore, an intangible and incalculable right and benefit of possession might be lost to these defendants.
The court is not convinced that the continued occupancy by the defendants of a few acres of land and the buildings thereon will seriously impair or curtail the construction project.
The application of the petitioner is denied without prejudice to renewal at such time 'as the over-all question of the quantity of land to be taken in the condemnation proceeding is determined in finality.
Submit order accordingly.